UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOHN R. KANERVA,

       Petitioner,

v.

GREG ZYBURT,

       Respondent.

_____/

Case No. 2:19-cv-225

Honorable Robert J. Jonker

# **OPINION**

This is a habeas corpus action brought by a state prisoner, purportedly under 28 U.S.C. § 2254. However, because Petitioner challenges his pretrial detention, his petition is properly considered one under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) (holding that, where a pretrial detainee challenges the constitutionality of his or her pretrial—or prejudgment—detention, he or she must pursue relief under 28 U.S.C. § 2241). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases[1]; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations

---

[1] Although Petitioner's habeas application is governed by § 2241, rather than § 2254, Rule 1(b) of the Rules Governing Section 2254 Cases authorizes the application of the rules to habeas petitions brought under § 2241.

that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I. Factual allegations

Petitioner John R. Kanerva presently is jailed at the Marquette County Jail, awaiting a competency determination before he is tried on the charge of unlawfully driving away an automobile, Mich. Comp. Laws § 750.413. On November 20, 2019, Petitioner filed his habeas corpus petition. The petition raises four grounds for relief, as follows:

I. Right to Remain silent regarding Forced Com[petency] Exam #2. I don't have to be compelled to be a witness against myself.

II. Bill of Rights Amendments to U.S. Constitution due process violated[.] I claimed my time. Time limited the Petitioner's right to proceed. 5 amendment due process violated.

III. 1st Amendment Right to petition the Government denied by Judge in the 25th Circuit Court. See Order. Atty. not Effective. Ineffective Att.

IV. Double Je[o]pardy Clause of the Constitution for the United States of America. I've claimed my right, Denied.

(Pet., ECF No.1, PageID.6-7, 9-10.)

Petitioner's habeas petition is difficult to understand, though some supplemental information is available in the attachments to Petitioner's earlier attempt to remove his case to this Court. *See People v. Kanerva*, No. 2:15-cv-130 (W.D. Mich.).[2] From these materials, it appears that Petitioner was arrested on August 28, 2015, for taking a vehicle that did not belong to him,

---

[2] The Court ordered the 2015 case remanded to state court on December 15, 2015. (2:15-cv-130, ECF No. 39, PageID.504-506.)

2

based on a police complaint filed by Petitioner's cousin's husband, who contended that the car belonged to Petitioner's cousin. Petitioner alleges that the complainant lied. Petitioner contends that he bought the car from his brother on March 2, 2013, and that his brother gave him the title, which Petitioner later misplaced. From the documents attached to Case No. 2:15-cv-130, the complaint appears to be part of a protracted series of disputes between Petitioner and his cousin (and her husband) about the legality of their purchase of real property from the county after Petitioner failed to pay his taxes.

On September 2, 2015, Petitioner was placed on an interim bond, and he was ordered to appear on September 8, 2015. (2:15-cv-130, PageID.56.) A preliminary examination was held on September 10, 2015.

Petitioner states that, on February 28, 2016, he calculated that the 180-day period for trial established by Mich. Ct. R. 6.004 had expired. Although represented by counsel, Petitioner appears to have filed a motion to dismiss the case under the 180-day rule. The court apparently held that there had been no violation of the 180-day rule. Sometime after this day, the court issued a bench warrant to hold Petitioner for a competency examination. Petitioner refused to participate in the competency examination, contending that it amounted to a religious test, because he knew from past experience that examiners asked if he "believe[d] in Spirits and Ghosts." (Br. in Supp. of Pet., ECF No. 1-1, PageID.18-19.) Petitioner alleges that, based on his objections to the competency examination, the order for such examination was dismissed, and Petitioner subsequently was released from jail.

On October 28, 2019, the trial court again ordered a competency examination and directed that Petitioner's bond be revoked and that he remain in custody pending completion of

3

the competency examination.  (Marquette Cir. Ct. Order, ECF No. 1-1, PageID.27.)  Petitioner filed his habeas petition on or about November 2, 2019.

## II. Exhaustion of State Court Remedies

The Sixth Circuit long has recognized that pretrial detainees may pursue habeas relief under § 2241.  *See Atkins*, 644 F.2d at 546 & n.1.  However, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner."  *Id.* at 546."  The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances:  (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).  Although Petitioner purports to raise both speedy-trial and double-jeopardy claims, the double-jeopardy claim is substantially incomprehensible, given that Petitioner contends that he has never been tried on the charge.

Even in cases where pretrial detainees may articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust all available state court remedies before proceeding in federal court.  *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action, since codified at 28 U.S.C. § 2254(c)); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241

4

petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state courts opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546. That rationale is "especially forceful" if the claim involves the right to a speedy trial, given that the relief granted—dismissal of the case—"could not be more disruptive of pending state actions." *Id.*

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that, acting in pro per, he has filed at least one motion challenging the first bench warrant, arguing, inter alia, that he was denied his right to trial within the 180-day rule, a claim he characterizes as a speedy-trial claim. However, the presentation of claim about a violation of the state-court 180-day rule is not the same as a speedy-trial claim under the Sixth Amendment of the United States constitution. Exhaustion requires a petitioner to "fairly

present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard v. Connor*, 404 U.S. 270, 275-77 (1971) *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.

Petitioner also states that he filed or attempted to file an appeal from the denial of his trial-court motion, but the records of the Michigan Court of Appeals show no such appeal was filed. *See* Michigan Appellate Courts Case Search for John Russell Kanerva, https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=2&PartyName=Kanerva%2c+John+R&CourtType_PartyName=3&PageIndex=0&PartyOpenOnly=0 (visited Nov. 20, 2019) (showing no appellate cases filed in Petitioner's name). Petitioner appears to have attempted to file appeals in the Michigan appellate courts, but his filings were rejected and returned to him. Such attempted filings do not demonstrate exhaustion. To fairly present his claims, a petitioner must present them to all levels of the state courts in a procedurally proper manner. *See O'Sullivan*, 526 U.S. at 848 (requiring claims to be "properly" exhausted); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a claim that is presented in a procedurally improper manner does not constitute fair presentation). As a result, Petitioner's attempted appeals did not exhaust his state-court remedies.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has multiple available procedures by which to raise the issues he has presented in this application. Petitioner is represented by counsel and his criminal case has not yet been tried. Petitioner may seek to have counsel present his motion, after which counsel may seek leave to appeal the speedy-trial issue to both the Michigan Court of Appeals and the Michigan Supreme Court. *See O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

In sum, Petitioner's habeas grounds are not exhausted. Until Petitioner has exhausted his state-court remedies, the Court will not consider his § 2241 petition.

### III. Pending Motions

Petitioner has filed numerous motions, four of which raise alternate theories supporting his release from jail. In the first of these four motions (ECF No. 10), Plaintiff seeks release from jail so that he can retrieve files for presentation to the sheriff. In the second motion (ECF No. 11), Petitioner reeks to reinstate his bond, permitting him to leave jail. In the third related motion (ECF No. 18), Petitioner seeks discharge from the jail so that he can secure competent co-counsel. In a fourth motion on the topic (ECF No. 22), Petitioner seeks discharge from the jail so that he can take care of his property (such as putting antifreeze in his vehicle). Petitioner also has filed a motion to discharge the criminal complaint against him (ECF No. 20) and a motion to amend his petition (ECF No. 13).

In light of the Court's dismissal of the action, Petitioner's motions (ECF Nos. 10, 11, 18, 22) seeking release from jail and/or for reinstatement of Petitioner's bond will be denied as moot. In addition, for the same reasons the Court dismisses his § 2241 petition, the Court will deny his motion to discharge the criminal complaint (ECF No. 20). Petitioner's motion to amend his § 2241 petition (ECF No. 13) also will be denied, as the proposed amendment merely expands or supplements his unexhausted claims. As a result, his proposed amendment is futile. *Thiokol Corp. v. Michigan Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (holding that, if a claim would be properly dismissed, amendment to add the claim would be futile).

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

8

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies, denying a certificate of appealability, denying Petitioner's pending motions, and certifying that an appeal would not be taken in good faith.

Dated: December 20, 2019 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE